UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

NICHOLAS SURICK,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/23

ORDER OF FORFEITURE/
<u>MONEY JUDGMENT</u>

S2 20 Cr. 160 (MKV)

WHEREAS, on or about October 19, 2020, NICHOLAS SURICK (the "Defendant"), was charged in a three-count Superseding Information ("the Information"), S2 20 Cr. 160 (MKV), with conspiracy to misbrand and adulterate drugs in interstate commerce with intent to defraud or mislead, in violation of Title 18, United States Code, Section 371, and Title 21, United States Code, Sections 331 and 333 (Counts One and Two); and obstruction of justice, in violation of Title 18, United States Code, Section 1512(b)(3) and 2;

WHEREAS, the Information included forfeiture allegations as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334, and Title 28, United States Code, Section 2461(c), of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(ll), 344, or 355 of this title, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property, and as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that

constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses;

WHEREAS, on or about October 19, 2020, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a cooperation agreement with the Government, wherein the defendant admitted the forfeiture allegations with respect to Counts One through Three of the Information;

WHEREAS, the Court finds that the drugs that were adulterated or misbranded by the Defendant when introduced into or while in interstate commerce, or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(ll), 344, or 355 of this title, have been introduced into interstate commerce, are subject to forfeiture to the United States (the "Forfeitable Property");

WHEREAS, the Court finds further that the value of the Forfeitable Property associated with Counts One through Three of the Information is $260,561;

WHEREAS, the Government seeks a money judgment in the amount of $260,561 in United States currency;

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the Forfeitable Property from the offenses charged in the Information cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $260,561 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture/Money Judgment is final as to the Defendant NICHOLAS SURICK and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

7. The Court shall retain jurisdiction to enforce this Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
January 19, 2023

SO ORDERED:

*Mary Kay Vyskocil*
HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE