```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/28/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

NICHOLAS SURICK,

                Defendant.

1:20-cr-160-17 (MKV)

**ORDER DENYING MOTION
FOR SENTENCE REDUCTION**

MARY KAY VYSKOCIL, United States District Judge:

      The defendant, Nicholas Surick, pleaded guilty to two counts of conspiracy to commit drug adulteration and misbranding, in violation of 18 U.S.C. § 371, and one count of witness tampering, in violation of 18 U.S.C. §§ 1512(b)(3) and 2 [ECF No. 1035 at 1; ECF No. 1266 at 1–2]. He was sentenced principally to a term of 62 months of imprisonment [ECF No. 1035 at 2; ECF No. 1266 at 2]. When the Court imposed sentence, Defendant's Guidelines range was 210 to 262 months of imprisonment.

      Thereafter, in its Amendment 821, the United States Sentencing Commission amended the United States Sentencing Guidelines Manual (the "Guidelines" or "U.S.S.G."). As relevant here, Part B to Amendment 821 amends U.S.S.G. § 4C1.1, by providing a 2-level offense level reduction for offenders with zero criminal history points who meet specified eligibility criteria. The Sentencing Commission made these amendments retroactive.

      Defendant, through his counsel, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 [ECF No. 1260]. The Probation Office issued a Supplemental Presentence Investigation Report stating that Defendant is "precluded" from receiving the sentence reduction he seeks [ECF No. 1261 ("Supp. PSR") at 3, 4]. The government filed a letter opposing Defendant's motion on the ground that he is ineligible for a sentence reduction [ECF No. 1296].

The Court has carefully considered the record in this case, the submissions in connection with Defendant's motion, and the relevant authorities. The Court concludes that Defendant is ineligible for a sentence reduction pursuant to Amendment 821.

A defendant generally is eligible for a potential sentence reduction if (1) as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range applied at his sentencing, and (2) the defendant did not already receive a sentence lower than the amended Guidelines range. *See, e.g.*, *United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024); *United States v. Pena Fernandez*, No. 22-cr-283 (NRB), 2024 WL 295352, at *1 (S.D.N.Y. Jan. 25, 2024); *United States v. Rahmankulov*, No. 20-cr-653 (RA), 2024 WL 295341, at *1 (S.D.N.Y. Jan. 25, 2024).

Here, Defendant already received a sentence far below the amended Guidelines range. Applying a 2-level reduction to his offense level, Defendant's amended Guidelines range would be 168 to 210 months of imprisonment. Supp. PSR at 3. The Court imposed a sentence of 62 months of imprisonment [ECF No. 1035 at 2], which is far below the amended Guidelines Range of 168 to 210 months. As such, Defendant is not eligible for a sentence reduction. *See Pena Fernandez*, 2024 WL 295352, at *1; *Rahmankulov*, 2024 WL 295341, at *1.

Furthermore, Defendant does not meet all of the specified eligibility criteria for a two-level reduction pursuant to U.S.S.G. § 4C1.1. *See* Supp. PSR at 4; U.S.S.G. § 4C1.1(10).

Accordingly, the Defendant's motion for a sentence reduction pursuant to Amendment 821 [ECF No. 1260] is DENIED.

**SO ORDERED.**

**Dated: April 28, 2025**
     **New York, NY**

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**